**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MABEL AMPONSAH,

       Plaintiff,

v.                                     Case No. 17-13533

41B DISTRICT COURT (STAFF LYDIA),

       Defendant.

_____/

## ORDER DISMISSING COMPLAINT

Plaintiff, proceeding pro se, filed this action for what she alleges was improper treatment she received when a clerk at the 41B District Court in Clinton Township made her photocopies. (Dkt. #1.) She has also filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. #2.) For the following reasons, the court will grant the IFP application and dismiss the complaint.

### I. BACKGROUND

Plaintiff alleges that she "needed photo copies for court pre-trial and requested a Clerk for the photo copies." (Dkt. #1 Pg. ID 8.) The clerk apparently had trouble making the copies and refused to give the misprinted copies to Plaintiff. (*Id.*) Despite Plaintiff informing the clerk that she was "on waive fee [sic]," the clerk took the copies and "dumped them into a big container." (*Id.*) Plaintiff's complaint reveals that she was able to get at least some of the copies, however, and they show that the headings of the photocopied documents were cut off in the reproductions. (*Id.* at Pg. ID 9–10.)

Five minutes after this first encounter, Plaintiff requested assistance from another staff member and was "surprised how the [second] staff [member] made the [c]opies without any problem with the [s]ame [c]opier [m]achine." (*Id.* at Pg. ID 8.)

Plaintiff claims that if she had not received this later help, she would have been "vandalized by the Court." (*Id.*) She therefore has brought this action against "41-B District Court Staff Lydia" for violations of the Civil Rights Act and breach of contract. (*Id.*) Plaintiff seeks $5,000 in damages. (*Id.*) The documents attached to Plaintiff's complaint demonstrate that she has filed substantially the same complaint in the 41-B District Court. (*Id.* at Pg. ID 13–27.)

## II. STANDARD

A district court may permit a person to commence a civil suit without prepayment of fees where the person submits an affidavit that includes a statement of assets and a statement that the person is unable to pay the fees. 28 U.S.C. § 1915(a)(1). The court, however, must dismiss an IFP complaint if the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i)–(ii). "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. DISCUSSION

The court has reviewed Plaintiff's application to proceed IFP and finds that Plaintiff would face undue financial hardship if required to prepay the filing fee. Plaintiff states that she is unemployed, homeless, and has no money in any bank accounts nor any income. (Dkt. #2 Pg. ID 31–32.) The court, therefore, will grant her application to

proceed IFP.

The court will also dismiss Plaintiff's complaint because it has no basis in law or fact. Though Plaintiff may have been frustrated by her inability to quickly receive photocopies at the District Court—and frustrated, too, by having to ask another staff member for help—these allegations do not even arguably amount to a violation of the Civil Rights Act. Nor is there any basis to find that the District Court staff had a contract with Plaintiff, let alone that Defendant may have breached one. Though the court is mindful of its obligation to liberally construe complaints by pro se litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), it is not required to supply the litigant with legal theories or furnish additional factual allegations—to do so would improperly transform the court into an advocate for the plaintiff. *Thompson v. A.J. Rose Mfg. Co.*, No. 99-3728, 2000 WL 302998, at *1 (6th Cir. 2000).

A different Judge in this District recently sua sponte dismissed another of Plaintiff's lawsuits on the basis that it was frivolous. *Amponsah v. Randall*, No. 17-13531, Dkt. #5 (E.D. Mich. Nov. 13, 2017) (Leitman, J.). And a different Judge sua sponte dismissed another for failure to state a claim. *Amponsah v. Trump*, No. 17-11515, Dkt. #5 (E.D. Mich. May 31, 2017) (Battani, J.). The court in these lawsuits determined that Plaintiff's complaints failed to plead a redressable legal wrong or lacked basis in law or fact. The court here similarly finds that Plaintiff's complaint lacks basis in law or fact. Accordingly,

IT IS ORDERED that Plaintiff's application to proceed IFP (Dkt. #2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Dkt. #1) is DISMISSED. A

separate judgment will issue.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:    November 21, 2017


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 21, 2017, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\KNP\Civil\17-13533.AMPONSAH.dismiss.KNP.docx